# United States Court of Appeals for the Fifth Circuit

No. 21-60906
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2022

Lyle W. Cayce
Clerk

Ines Del Carmen Carranza-Pineda,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 194 690

Before Wiener, Elrod, and Engelhardt, *Circuit Judges.*
Per Curiam:*

Petitioner Ines Del Carmen Carranza-Pineda, a native and citizen of El Salvador, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of her appeal from the decision of the immigration judge (IJ) that denied her application for asylum and withholding of removal (WOR) and ordered her removal to El Salvador. She has failed to brief, and thereby abandoned, any challenge to the BIA's failure to grant her WOR or

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60906

humanitarian asylum. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

According to Petitioner, the agency erred by failing to require the Department of Homeland Security to produce the transcript for her reasonable-fear interview, and the IJ violated her due process rights by failing to give her an opportunity at the asylum hearing to address the discrepancies in her statements. We have jurisdiction to review an issue arising in a removal proceeding only if the petitioner "has exhausted all administrative remedies as of right by presenting each issue to the BIA." *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016) (internal quotation marks and citation omitted); 8 U.S.C. § 1252(d)(1). Due process claims generally do not need to be exhausted, but there is an exception "for procedural errors that are correctable by the BIA," such as the one alleged here. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Petitioner failed to exhaust these correctable procedural issues before the BIA, so we lack jurisdiction to review them. *See Hernandez-De La Cruz*, 819 F.3d at 786; *Roy*, 389 F.3d at 137.

There is no merit to Petitioner's contention that the agency erred in denying her application for asylum based on her lack of credibility. She has first failed to show that the BIA erred by applying clear-error review to the IJ's credibility finding. *See* 8 C.F.R. § 1003.1(d)(3)(i). She has also failed to show that the agency's adverse credibility determination was not supported by substantial evidence. *See Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017). By identifying "specific inconsistencies" and "crucial omissions," the agency "supported its determination with specific and cogent reasons derived from the record." *Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019) (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that a factfinder may rely on an inconsistency or inaccuracy in an applicant's statement even if it does not "go[] to the heart of the applicant's claim"). As we have stated, "[n]either an IJ nor the BIA

2

is required to accept a petitioner's explanation for the plain inconsistencies in her story." *Morales*, 860 F.3d at 817 (internal quotation marks, brackets, and citation omitted). Neither is there merit in Petitioner's assertion that the agency erroneously conflated the issues of credibility and corroboration. *See Dayo v. Holder*, 687 F.3d 653, 657-58 (5th Cir. 2012).

Petitioner has failed to show that it is clear from the totality of the circumstances that no reasonable factfinder could have made an adverse credibility determination in her case. *See Morales*, 860 F.3d at 817. Because Petitioner's asylum application relies solely on her own testimony and her birth certificate, the agency's adverse credibility determination is dispositive here. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Accordingly, we need not consider her contentions that the agency erred by treating the lack of corroborative evidence as an independent basis for denying her asylum claim and that the BIA erred by failing to consider the asylum claim on its merits. *See INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976).

The petition for review is DISMISSED IN PART and DENIED IN PART.